UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| BROADCAST MUSIC, INC., et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No.: 5:19-cv-0479-LCB |
| MAGGIE MYERS, INC., d/b/a MAGGIE MYERS IRISH PUB, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This copyright infringement action is before the Court on the Plaintiffs'[1] motion for default judgment. (Doc. 14). One of the plaintiffs in this case, Broadcast Music, Inc. ("BMI"), is a performing rights society and has acquired from the other plaintiffs non-exclusive public performance rights of certain musical compositions and millions of other compositions, collectively known as the BMI Repertoire. BMI grants to music users such as the owners and operators of concert halls, restaurants, nightclubs, and hotels the right to publicly perform any of the works in BMI's Repertoire by means of a blanket license agreement. The Defendants in this case,

---

[1] The Plaintiffs in this case are: Broadcast Music, Inc.; Less Than Zero Music; Southfield Road Music; Fake and Jaded Music; Paul Simon Music; Embassy Music Corporation; Screen Gems-EMI Music Inc; Universal-Songs of Polygram International Inc.; Tokeco Tunes; Songs of Universal Inc.; Escatawpa Songs LLC; Warner-Tamberlane Publishing Corp.; Mad Mother Music; Sony/ATV Songs LLC; R and R Nomad Publishing Company, *a division of R & R Nomad Publishing Co. LLC*; and 4U2asky Entertainment Inc.

Maggie Myers, Inc., d/b/a Maggie Myers Irish Pub, and Cassandra Lynne Smith, a director of Maggie Myers, Inc., allegedly played eight songs from the BMI Repertoire without obtaining a license to do so from BMI or any of the other plaintiffs.

This Court has jurisdiction over this action pursuant to 28 U.S.C. 1338(a), as the action arises under the United States Copyright Act of 1976, 17 U.S.C. § 101 *et seq*. Venue is proper in this district pursuant to 28 U.S.C. § 1400(a), because the defendant business at which the infringement is alleged to have occurred is located in this judicial district. (Doc. 1, at 4).

## I. Background

The Plaintiffs filed their complaint on March 24, 2019, and served an alias summons on all defendants via certified mail on May 18, 2019. (Doc. 9). Pursuant to Rule 12(a)(1)(A)(i), Fed. R. Civ. P., the Defendants were required to serve an answer on or before June 10, 2019. After the Defendants failed to answer or otherwise defend the claims, the Plaintiffs moved for a Clerk's entry of default on July 1, 2019. (Doc. 12). The Clerk entered default against Maggie Myers and its Director, Cassandra Lynne Smith, on July 2, 2019. (Doc. 13). On July 17, 2019, the Plaintiffs moved for a default judgment pursuant to Rule 55(b), Fed. R. Civ. P., seeking statutory damages in the amount of $12,000; a permanent injunction; attorney's fees and costs; and interest pursuant to 28 U.S.C. § 1961. This Court

entered an order on November 5, 2019, ordering the Defendants to show cause as to why default judgment should not be entered. The Defendants did not respond.

**II. Discussion**

Rule 55, Fed. R. Civ. P., establishes a two-step procedure for obtaining a default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the Clerk must enter the party's default. Rule 55(a), Fed. R. Civ. P. Second, after entry of the Clerk's default, if the defendant is not an infant or an incompetent person, the Court reviews the sufficiency of the complaint and its underlying substantive merits to determine whether a moving party is entitled to default judgment. Rule 55(b)(2), Fed. R. Civ. P. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n. 41 (11th Cir. 1997). As noted, the Clerk already entered default. Therefore, the Court must decide whether Plaintiffs' complaint and other evidence establishes liability.

A defaulting defendant "admits the plaintiff's well-pleaded allegations of fact" for purposes of liability. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)(quotation marks omitted). In resolving a motion for default judgment, the Court also may consider evidence presented in the form of an affidavit or declaration. *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1362 (N.D. Ga. 2011).

To prevail on a copyright infringement claim based on unauthorized public performances of a copyrighted musical composition, a plaintiff must demonstrate:

> (1) the originality and authorship of the compositions involved; (2) compliance with all formalities required to secure a copyright under Title 17, United States Code; (3) that plaintiffs are the proprietors of the copyrights of the compositions involved in the action; (4) that the compositions were performed publicly by the defendant; and (5) that the defendant had not receive permission from any of the plaintiffs or their representatives for such performance.

*Broadcast Music, Inc. v. Evie's Tavern Ellenton, Inc.*, 772 F.3d 1254, 1258 (11th Cir. 2014). The Plaintiffs alleged sufficient facts in their complaint and accompanying affidavits to satisfy all of these elements. Incorporated into the Plaintiffs' complaint is a "Schedule" that lists the title of the musical composition, the writer of that composition alleged to have been infringed, the publisher of the composition, the copyright registration number, and the date on which the copyright was obtained. The Schedule also lists the date of the alleged infringement as well as the location of that infringement, i.e., Maggie Myers Irish Pub. (Doc. 1, at 8-11). According to the Plaintiffs, the Defendants did not have permission to publicly exhibit their works. The Plaintiffs also alleged that they sent 74 letters to the Defendants explaining the licensing requirements and offering to enter into a blanket license agreement. This Court finds that the Plaintiffs' allegations, if true, would establish copyright infringement on the part of the Defendants.

The Court must next determine the amount of damages it will award. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). The Court may enter a default judgment without a hearing only if "the amount claimed is a liquidated sum or one capable of mathematical calculation." *United States Artist Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) (citations omitted);[2] *see also* Rule 55(b)(1) Fed. R. Civ. P. Unlike a finding of liability, the Court may award damages only if the record adequately reflects the basis for such an award through "a hearing or a demonstration by detailed affidavits establishing the necessary facts." *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (quotation marks omitted).

Under the Copyright Act, plaintiffs may elect statutory damages per infringed work instead of actual damages and profits. A prevailing party in a copyright infringement action is entitled to "not less than $750.00 or more than $30,000" per infringement "as the court considers just." 17 U.S.C. § 504(c). In their complaint, Plaintiffs seek to recover statutory damages pursuant to 17 U.S.C. § 504(c). In their motion for default judgment, the Plaintiffs seek a total award of $12,000 in statutory damages. That amounts to an award of $1,500 per infringement and would be

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

5

approximately three times the amount the Plaintiffs would have received to date had the Defendants properly paid the licensing fees. The Court does not find that a hearing is necessary to determine the amount of damages. Furthermore, the Court finds this amount of damages to be just and appropriate under the circumstances presented in this case.

The Copyright Act also permits the court to grant "final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). In their complaint, Plaintiffs ask the Court to enjoin Defendants from infringing the copyrighted musical compositions licensed by BMI. (Doc. 1 at 7). To be entitled to a permanent injunction, Plaintiffs must show:

> (1) that [the plaintiffs have] suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff[s] and defendant[s], a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*Evie's Tavern*, 772 F.3d at 1261, *quoting eBay Inc. v. Mercexchange, L.L.C.*, 547 U.S. 388, 391 (2006)) (alterations in *Evie's Tavern*).

The record demonstrates that Defendants' conduct has caused, and unless restrained by the Court, will continue to cause Plaintiffs irreparable injury that cannot be fully compensated by money damages. Balancing the hardships between the parties, an equitable remedy is appropriate, and the Court finds that the public interest is not disserved by a permanent injunction under the circumstances. *See*

6

*Pacific and So. Co., Inc. v. Duncan*, 744 F.2d 1490, 1499 (11th Cir. 1984) ("[P]ast infringement and a substantial likelihood of future infringements [ ] normally entitle[s] the copyright holder to a permanent injunction."). Accordingly, the Court finds that a permanent injunction is appropriate in this case.

Finally, the Copyright Act permits the Court to award full costs, which may include reasonable attorney's fees, to the prevailing party. 17 U.S.C. § 505. Plaintiffs ask the court to award $4,095 in costs and fees. (Doc. 1 at 8; Doc. 10 at 2). In support of this request, Plaintiffs submit a declaration from their attorney, who attests that he performed at least 11.7 hours on this matter, and his usual and customary rate is $350.00 per hour. (Doc. 14-6, p. 4-5). Based on counsel's expertise, the time expended in this case, and the amount of statutory damages awarded, the court finds that the attorney's fees and costs requested are reasonable and due to be awarded.

### III. Conclusion

For the foregoing reasons, the Court finds that the Plaintiffs' motion for default judgment (Doc. 14) is due to be **GRANTED**. The Court will enter default judgment in favor of the Plaintiffs and against the Defendants, jointly and severally, in the following amounts: (1) $12,000 in statutory damages; (2) $4,095 in attorney's fees and costs; and (3) post-judgment interest at the statutory rate in accordance with 28 U.S.C. § 1961. The Court will also enter a permanent injunction enjoining and

restraining Defendants from infringing the copyrighted musical compositions licensed by BMI.

The Court will enter a separate order consistent with this memorandum opinion.

**DONE** and **ORDERED** this February 5, 2020.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE